**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

REV. WALTER FISHER,

    Petitioner,

-vs-                                                Case No.  8:06-CV-2150-T-30EAJ

DET. NONA DYESS,
DET. BRIAN SHINN, and
SHERIFF JUDD,

    Respondents.
_____/

## ORDER

Petitioner, a pre-trial detainee[1] being held in the Polk County Jail ("PCJ"), initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). On March 1, 2007, Petitioner filed an amended petition (Dkt. 3), which completely supersedes the original petition. Having reviewed the amended petition, the Court concludes that it does not warrant service on the named Respondents. *See* Rule 4, Rules Governing Section 2254 Cases (2006).

Federal habeas review is available for state prisoners pursuant to § 2254, which provides, in pertinent part, that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a

---

[1] The Court takes judicial notice of information available at the Jail Information Inquiries database maintained by the Polk County Sheriff's Office, http://www.polksheriff.org/inquiry.html, viewed on April 3, 2007, which provides arrest and booking information. *See* Fed. R. Evid. 201. The information is not relied upon to determine Petitioner's criminal record, but rather to confirm information provided in the petition. Petitioner was arrested on charges of burglary with an assault, false imprisonment, aggravated stalking, and battery on May 17, 2005, Booking #2005-011724. A contempt of court charge was lodged against Petitioner on October 12, 2006, Booking # 2006-022025.  When he filed his petition, Petitioner remained incarcerated in the PCJ awaiting the final disposition of these charges.

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Here, however, federal review at this juncture is premature because Petitioner is not being held "pursuant to the judgment of a State court." *Id.*

To the extent that Petitioner is requesting that this Court order the state court to dismiss his charges, writs of mandamus have been abolished in federal practice pursuant to Rule 81(b), Fed. R. Civ. P., although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361. Under § 1361, district courts have jurisdiction to compel <u>United States officials</u> to perform their duties. United States courts do not, however, have jurisdiction to issue writs of mandamus to direct <u>state courts or their judicial officers</u> in the performance of their duties. *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971)[2]; *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966); *Dunlap v. Corbin*, 532 F. Supp. 183, 187 (D. Ariz. 1981), *aff'd* 673 F.2d 1337 (9th Cir. 1982); *Lessard v. State of Wisconsin*, 449 F. Supp. 914, 915 (E.D. Wis. 1978). Analogously, United States courts have no jurisdiction to issue writs of mandamus to direct state agencies in the performance of their duties. *See e.g. Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) (stating that federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties). This Court cannot, therefore, grant the relief Petitioner seeks.

**ACCORDINGLY**, the Court **ORDERS** that:

---

[2]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court unless reversed by the United States Supreme Court or the Eleventh Circuit Court of Appeals sitting en banc. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

1. Petitioner's original Petition for Writ of Habeas Corpus (Dkt. 1), having been superseded[3] by the Amended Petition for Writ of Habeas Corpus (Dkt. 3), is **DENIED** as moot.

2. The Amended Petition for Writ of Habeas Corpus (Dkt. 3) is **DENIED** without prejudice as premature.

3. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro se* Petitioner

SA:jsh

---

[3] *See, e.g., Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that an amended complaint under the federal rules supercedes the original complaint).